UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT PENNSYLVANIA

| | |
|---|---|
| LEROY FREDERICK, individually and on behalf of all class members<br><br>Plaintiff,<br><br>v.<br><br>ACOSTA SALES CO., INC. and MOSAIC SALES SOLUTIONS US OPERATING CO.,<br><br>Defendants. | Hon. _____<br><br>Civ. Action No. 22-cv-_____  2:22-CV-1350 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Acosta, Inc.[1] ("Defendant Acosta") hereby submits this Notice of Removal of a case from the Court of Common Pleas of Allegheny County and states as follows as the bases for removal.

## BACKGROUND

1. On or about May 10, 2022, Plaintiff, Leroy Frederick, filed a "Class Action Complaint" (the "Complaint") captioned *Leroy Frederick, individually and on behalf of all class members vs. Acosta Sales Co., Inc., and Mosaic Sales Solutions US Operating Co.*, Case ID GD-22-005681, in the Court of Common Pleas of Allegheny County. A true and correct copy of the Complaint, as well as all other pleadings, process, and orders served on Defendant Acosta, is attached hereto as Exhibit A.

2. Mosaic Sales Solutions US Operating Co. ("Defendant Mosaic") was served with the Complaint on August 19, 2022, and Defendant Acosta was served with the Complaint on

---

[1] Plaintiff improperly names Acosta Sales Co., Inc. as Defendant, but no such entity exists. Acosta, Inc. is the responding Defendant, but reserves all arguments concerning whether it is properly named as Defendant in this action.

1

August 22, 2022.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

3. This Notice is timely filed under 28 U.S.C. § 1446(b) because Defendant Acosta has filed this Notice of Removal within thirty (30) days of receipt of the Complaint, the first document from which Defendant could ascertain that this action is removable. Defendant Mosaic has consented to the removal. *See* 28 U.S.C.S. § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.").

4. Defendants have not filed any answer or other pleading in the Court of Common Pleas of Allegheny County.

5. The Court of Common Pleas of Allegheny County, in which Plaintiffs' Complaint is filed, is within this Court's District. Therefore, the action is properly removable to this Court pursuant to 28 U.S.C. § 1446(a).

6. Pursuant to 28 U.S.C. §1446(d), Defendant has provided this written Notice of Removal to all adverse parties and will promptly file a Notice of Filing of Notice of Removal with the Clerk of the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania.

## DIVERSITY JURISDICTION

7. This action is being removed to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), as it involves a controversy between citizens of different states and exceeds the requisite amount in controversy.

8. In particular, Plaintiff is and has been, upon the filing of the Complaint, and at the time this Notice of Removal was filed, a citizen of the Commonwealth of Pennsylvania, being

domiciled and residing in that state. *See* Exhibit A, Compl. ¶ 4; *see also Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile[.]"), *citing Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary.") (citation omitted).

9. Defendant Acosta is and has been, both at the time the Complaint was filed and at the time this Notice of Removal was filed, a corporation organized and incorporated under the laws of the State of Florida/Delaware with its principal place of business in Florida. *See* Exhibit B, Declaration of Robert T. Devine, ¶ 2. As such, Defendant Acosta is a citizen of Florida and Delaware for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

10. Defendant Mosaic is and has been, both at the time the Complaint was filed and at the time this Notice of Removal was filed, a corporation organized and incorporated under the laws of the State of Delaware with its principal place of business in Texas. *See* Exhibit B, Declaration of Robert T. Devine, ¶ 3. As such, Defendant Mosaic is a citizen of Delaware and Texas for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

11. There is complete diversity between the Parties because Plaintiff is a citizen of Pennsylvania and Defendants are citizens of Delaware, Florida, and Texas.

12. The amount in controversy exceeds the sum of $75,000.

13. In particular, Plaintiff alleges in his Complaint that he has worked for Defendants since June 2017[2] and was not compensated for at least 10 hours per week of time worked. Exhibit A, Compl. ¶¶ 11, 27. The Complaint seeks overtime damages at one and one-half (1.5) times

---

[2] Among other things, Defendant reserves the right to challenge Plaintiff's alleged tenure of employment, but facts asserted in pleadings constitute judicial admissions; thus, Defendant relied upon the face of the pleadings to analyze its right to remove. *Cf. Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 505 (3d Cir. 2014) (For purposes of removal, defendant is entitled to rely on allegations in plaintiff's complaint setting forth jurisdictional requirements because they are judicial admissions.).

Plaintiff's regular rate pursuant to the Pennsylvania Minimum Wage Act ("PMWA"). *Id.* ¶¶ 46, 50. During his employment, Plaintiff's regular rate of pay was $15 per hour, *see* Exhibit B, Devine Decl. ¶ 4, bringing his overtime rate to $22.50 per hour. There is a three-year limitations period under PMWA. *See Blair v. Comprehensive Healthcare Mgmt. Servs., LLC*, No. 2:18-cv-254, 2021 U.S. Dist. LEXIS 162804, at *8 (W.D. Pa. Aug. 27, 2021); *Sida v. Pintura Constr. LLC,* No. 2:18-cv-00806, 2018 U.S. Dist. LEXIS 203080, at *11 (W.D. Pa. Nov. 30, 2018). So, as alleged in the Complaint, the potential damages of Plaintiff's individual overtime claims are at least $35,100 (10 hours per week * $22.50 per hour * 52 weeks * 3 years), exclusive of any penalties, interest, or other damages.

14. In addition, the Complaint seeks payment of liquidated damages under the Pennsylvania Wage Payment and Collection Law ("PWPCL") in the amount of 25% of the alleged unpaid wages. Exhibit A, Compl. ¶ 56. So, Plaintiff's individual liquidated damages are allegedly $8,775 ($35,100 * 25%).

15. The Complaint also seeks to recover unpaid expense reimbursements for mileage, gas, or vehicle maintenance for work-related travel ("travel expenses") and for a variety of supplies to complete the work assigned to them by Defendants, including a gloves, markers, tape, and smartphones ("supply expenses"). Exhibit A, Compl. ¶ 21-22. Although the Complaint does not identify with specificity the amount Plaintiff seeks to recover for the allegedly unpaid travel expenses and supply expenses, it is presumed that Plaintiff will seek to recover at least $7,000 for travel expenses and supply expenses, considering the nature and potential value of the alleged unpaid expenses, the amount of travel time alleged in the Complaint, and the three-year time period at issue.

16.     In addition, the Complaint seeks to recover attorneys' fees. Exhibit A, Compl. ¶ 51. "Attorneys fees, costs, interest and punitive damages are included in the amount in controversy if they are available to successful plaintiffs under a statutory cause of action. Pennsylvania's Wage Payment and Collection Law provides recovery of reasonable attorneys' fees for a successful plaintiff." *Townsend v. Coast to Coast Cellular, Inc.,* No. 3:14-267, 2015 U.S. Dist. LEXIS 101184, at *13 (W.D. Pa. Aug. 3, 2015) (citation omitted).

17.     Here, Plaintiff's attorneys include Richard Burch, Michael Josephson, Andrew Dunlap, and Joshua Geist. Exhibit A, Compl. ¶ 51. According to a declaration publicly filed by Michael Josephson with this Court in another matter, the purported hourly rates of these attorneys in 2019 were $650 for Josephson, $650 for Burch, $450 for Dunlap, and $500 for Geist.[3] *See* Exhibit C, Declaration of Michael Josephson, ¶ 8. The average hourly rate for attorneys involved in that matter was $530 and the average hourly rate of staff was $132.50. *Id.* ¶ 9. Although their purported hourly rates have likely increased since 2019, it appears that Plaintiff will seek to recover at least these hourly rates in the present action. Even if this action does not proceed on class basis, it is conservative to estimate that Plaintiff's attorneys will spend *at least* 150 hours (which equates to 37.5 hours per each of the four attorneys on the case) to litigate Plaintiff's individual claims through verdict (including pleadings, discovery, motions, practice, and trial). So, conservatively, Plaintiff's may try to recover at least $79,500 in attorneys' fees ($530 per hour * 150 hours).

18.     In sum, based on the allegations in the Complaint and information cited above, it appears that the damages at issue for Plaintiff's individual claims could be at least $35,100 for allegedly unpaid wages, $8,775 in alleged liquidated damages, $7,000 for allegedly unreimbursed

---

[3] Defendant Acosta denies that such rates are reasonable; yet, on information and belief, Plaintiff's counsel will seek to recover rates this high (or higher) in the present action, which is relevant for determining the amount in controversy.

5

travel expenses and supply expenses, and $79,500 in attorneys' fees – for a total amount in controversy of at least $<u>130,375</u>.

19. In a similar case, a District Court in Pennsylvania found that the amount-in-controversy requirement was met. *See Roth v. US LEC of Pa., Inc.,* No. 05-CV-4452, 2005 U.S. Dist. LEXIS 20919, at *8-9 (E.D. Pa. Sep. 23, 2005) (denying motion to remand where Plaintiff sought $18,000 in unpaid commissions and $4,500 in liquidated damages under the PWPCL and attorneys' fees were likely to exceed $52,501).

20. To the best of Defendant Acosta's knowledge, Plaintiff has not stipulated that he seeks to recover less than $75,000 in this action.

21. Moreover, in the Court of Common Pleas of Allegheny County, Plaintiff filed a "Praecipe to Reinstate Complaint", which states "Kindly reinstate the Complaint in the above-captioned matter *in excess of the jurisdictional arbitration limit*." *See* <u>Exhibit A</u> (emphasis added). The jurisdictional arbitration limit is $50,000 in the Court of Common Pleas of Allegheny County. See Alle. Cnty. Pa. 1301. Plaintiff's Praecipe acknowledges that the amount in controversy is at least $50,000. Other District Courts in Pennsylvania have found such information relevant and persuasive in finding that the $75,000 amount-in-controversy requirement was likely met. *See Garavente v. Sam's Club #6581,* No. 3:21-1722, 2022 U.S. Dist. LEXIS 57361, at *8-9 (M.D. Pa. Mar. 29, 2022) ("Plaintiffs' demand in excess of the arbitration limits and their refusal to stipulate to a $75,000 cap on her damages is reflective of the legal uncertainty that they cannot recover an amount less than the jurisdictional minimum. Therefore, this Court, based on the facts set forth in the pleadings, is unable to find that it is a legal certainty that the Plaintiffs cannot recover more than $75,000. The Plaintiffs' motion to remand will thus be denied." (citations omitted); *Alston v. Wal-Mart Stores E., L.P.,* No. 12-3491, 2012 U.S. Dist. LEXIS 135322, at *8 (E.D. Pa. Sep. 20,

2012) (same); *see also Brent v. First Student, Inc.,* No. 19-6023, 2020 U.S. Dist. LEXIS 88551, at *7 (E.D. Pa. May 20, 2020) ("Plaintiffs' refusal to stipulate to a damages cap of $50,000 undercuts their claims about the amount in controversy.")

22. Because there is complete diversity between the parties in interest and the amount in controversy exceeds $75,000, this Court has original jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332(a).

23. To the extent that any member of the alleged class action has individual claims that fail to meet the amount-in-controversy requirement, this Court may exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546 (2005).

## CAFA JURISDICTION

1. As an independent ground for jurisdiction, this action is also being removed to this Court pursuant to the Class Action Fairness Act ("CAFA"). CAFA was intended to expand federal jurisdiction over class actions. *See Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006).

24. Under CAFA, federal district courts have original jurisdiction over class actions when (1) there are at least 100 members of the class; (2) there is minimal diversity, i.e., any member of the class of plaintiffs is a citizen of a different state from any defendant; and (3) the amount in controversy, as aggregated across all individual claims, exceeds the sum or value of $5 million. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(b).

25. As alleged in Plaintiff's "Class Action Complaint," Plaintiff brings this action "on behalf of a class of persons composed of: All current and former hourly-paid Merchandisers employed by Acosta Sales Co., Inc. and/or Mosaic Sales Solutions US Operating Co., in, or based

out of, Pennsylvania during the statutory period covered by this Complaint." Exhibit A, Compl. ¶ 31.

26. As alleged in the Complaint, "the Class Members are so numerous that joinder of all members is impracticable." *Id.* ¶ 33. Based on a preliminary review of its records, Defendant Acosta believes there are at least 200 persons who may fall within the proposed class definition. *See* Exhibit B, Devine Decl. ¶ 6. Thus, the proposed class exceeds the 100-member threshold to confer original jurisdiction under CAFA.

27. The named parties satisfy the minimal diversity requirement. As set forth above, Plaintiff is a citizen of Pennsylvania and Defendants are citizens of Delaware, Florida, and Texas.

28. The amount in controversy exceeds the $5 million requirement. As set forth above, the damages at issue for Plaintiff's individual claims could be at least $35,100 for allegedly unpaid wages, $8,775 in alleged liquidated damages, and $7,000 for allegedly unreimbursed travel expenses and supply expenses, for a total of $50,875 (prior to including attorneys' fees). Plaintiff alleges that his claims "are typical of the claims of the Class he seeks to represent." Exhibit A, Compl. ¶ 35. If, as alleged, his claims are typical of other proposed class members, then the alleged amount in controversy is at least $10,175,000 ($50,875 * 200 class members). *See* 28 U.S.C § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

29. Further, Plaintiff's will likely seek to recover payment for hundreds of hours of attorney work at purported hourly rates averaging at least $530, which could amount to hundreds of thousands of dollars or more in attorneys' fees. See Exhibit C, Josephson Decl., ¶ 8-9.

30. All of the requirements for removal under CAFA are met in this matter.

**MISCELLANEOUS**

31. Defendant Acosta files this Notice without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has stated claims upon which relief can be granted, and without conceding that Plaintiff is entitled to any damages against Defendants in any amount.

32. By filing this Notice of Removal, Defendants do not make any admission of fact, law, or liability, and Defendants expressly reserve the right to raise any and all available procedural and substantive defenses.

33. Upon filing this Notice of Removal, Defendant Acosta will provide a written notification to Plaintiff and will file a Notice of Filing of Notice of Removal with the clerk of the Court of Common Pleas of Allegheny Count, Commonwealth of Pennsylvania. A copy of the Notice of Notice of Removal is attached as Exhibit D (without exhibits).

WHEREFORE, Defendant Acosta respectfully requests that this action, previously pending in the Court of Common Pleas of Allegheny County, be removed to the U.S. District Court for the Western District of Pennsylvania.

Date: September 21, 2022
Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Marla N. Presley*
Marla N. Presley
PA ID No. 91020
Marla.Presley@jacksonlewis.com
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
(412) 232-0404
(412) 232-3441 (facsimile)

Robert William Gignilliat, IV
*(Pro Hac Vice to be filed )*
Rob.Gignilliat @jacksonlewis.com
15 South Main Street, Suite 700
Greenville, SC 29601
(864) 232-7000

*Counsel for Defendants*