# **<u>EXHIBIT A</u>**

*State Court Documents*

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **LEROY FREDERICK, individually and on behalf of all class members** | **CIVIL ACTION-LAW** |
| Plaintiff, | Case No. GD-22-005681 |
| | **ELECTRONICALLY FILED** |
| vs. | **Pleading Type:** |
| **ACOSTA SALES CO., INC.** and **MOSAIC SALES SOLUTIONS US OPERATING CO.,** | **PRAECIPE TO REINSTATE COMPLAINT** |
| Defendants. | Filed on behalf of Plaintiff, Leroy Frederick |

Counsel of Record for this Party:
Joshua P. Geist, Esquire
PA I.D. #85745

Goodrich & Geist, P.C.
3634 California Avenue
Pittsburgh, PA 15212
Phone: (412) 766-1455
Facsimile: (412) 766-0300
josh@goodrichandgeist.com

AND

Michael A. Josephson, Esquire
Pennsylvania Bar No. 308410
Texas Bar No. 24014780

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com

**"JURY TRIAL DEMANDED"**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **LEROY FREDERICK, individually and on behalf of all class members** § | **CIVIL ACTION-LAW** |
| § | **Case No. GD-22-005681** |
| **Plaintiff,** § | |
| § | |
| vs. § | |
| § | |
| **ACOSTA SALES CO., INC.** and § | |
| **MOSAIC SALES SOLUTIONS US** § | |
| **OPERATING CO.,** § | |
| § | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## PRAECIPE TO REINSTATE COMPLAINT

TO: DEPARTMENT OF COURT RECORDS:

     Kindly Reinstate the Complaint in the above-captioned matter in excess of the

jurisdictional arbitration limit.

                      Respectfully submitted,

                      By: */s/ Joshua P. Geist*

                           **Joshua P. Geist**
                           PA ID No. 85745
                           **William F. Goodrich**
                           PA ID No. 30235
                           **GOODRICH & GEIST PC**
                           3634 California Ave.
                           Pittsburgh, Pennsylvania 15212
                           412-766-1455 – Telephone
                           412-766-0300 – Facsimile
                           josh@goodrichandgeist.com
                           bill@goodrichandgeist.com

                           **Michael A. Josephson**
                           PA Bar 308410
                           **Andrew W. Dunlap\***
                           Texas Bar 241078444
                           **Travis A. Gasper\***
                           Texas Bar No. 24096881
                           **JOSEPHSON DUNLAP**
                           11 Greenway Plaza, Suite 3050
                           Houston, Texas 77046
                           713-352-1100 – Telephone

2

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **LEROY FREDERICK, individually and on behalf of all class members** | **CIVIL ACTION-LAW** |
| | Case No. _____ |
| Plaintiff, | **ELECTRONICALLY FILED** |
| vs. | Pleading Type: |
| | |
| **ACOSTA SALES CO., INC.** and **MOSAIC SALES SOLUTIONS US OPERATING CO.,** | **PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT** |
| Defendants. | Filed on behalf of Plaintiff, Leroy Frederick |

Counsel of Record for this Party:
Joshua P. Geist, Esquire
PA I.D. #85745

Goodrich & Geist, P.C.
3634 California Avenue
Pittsburgh, PA 15212
Phone: (412) 766-1455
Facsimile: (412) 766-0300
josh@goodrichandgeist.com

AND

Michael A. Josephson, Esquire
Pennsylvania Bar No. 308410
Texas Bar No. 24014780

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com

**"JURY TRIAL DEMANDED"**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **LEROY FREDERICK, individually and on behalf of all class members** | § | **CIVIL ACTION NO.** _____ |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **ACOSTA SALES CO., INC.** and | § | |
| **MOSAIC SALES SOLUTIONS US** | § | **JURY TRIAL DEMANDED** |
| **OPERATING CO.,** | § | |
| | § | |
| **Defendants.** | | |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (**OR CANNOT AFFORD ONE**), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW (**TO FIND OUT WHERE YOU CAN GET LEGAL HELP**). **THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANOT AFFORD TO HIRE A LAWYER, THESE OFFICES MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SRVICES TO ELGIBILE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYER REFERRAL SERVICE
THE ALLEGHENY COUNTY BAR ASSOCIATION
11TH FLOOR KOPPERS BUILDING
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219

TELEPHONE: (412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **LEROY FREDERICK, individually and on behalf of all class members** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **ACOSTA SALES CO., INC.** and **MOSAIC SALES SOLUTIONS US OPERATING CO.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | | |

## CLASS ACTION COMPLAINT

Plaintiff, Leroy Frederick, by and through his undersigned counsel, hereby aver as follows:

### I.    Introduction

1.    Plaintiff, Leroy Frederick ("Frederick"), brings this class action against Defendants, Acosta Sales Co., Inc. ("Acosta") and Mosaic Sales Solutions US Operating Co. ("Mosaic"), for violations of the Pennsylvania Minimum Wage Act ("PWMA") and the Wage Payment and Collection Law ("WPCL").

### II.    Venue

2.    Venue is properly laid in the County of Allegheny pursuant to Rule 1006(a) of the Pennsylvania Rules of Civil Procedure because the majority of the transactions and occurrences from which the instant action arises occurred in that county.

### III.    Parties

3.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

4.    Plaintiff, Leroy Frederick, is an adult individual residing at 206 Juniper Drive, Allegheny County, Pennsylvania 15108.

5.    Defendant, Acosta Sales Co., Inc., a business corporation registered in the Commonwealth of Pennsylvania that provides retail merchandising services to product suppliers and

3

retail stores in Pennsylvania and throughout the United States. Acosta regularly conducts business within Allegheny County, Pennsylvania, and maintains a principal place of business at 4 Penn Center West, Suite 400, Allegheny County, Pennsylvania 15276.

6.      Defendant, Mosaic Sales Solutions US Operating Co., is a business corporation registered in the Commonwealth of Pennsylvania that provides sales and merchandising, experiential and shopper marketing, digital design and production, public relations, and social media solutions. Mosaic regularly conducts business within Allegheny County, Pennsylvania, and maintains a principal place of business at 4 Penn Center West, Suite 400, Allegheny County, Pennsylvania 15276.

7.      Defendants Acosta Sales Co., Inc. and Mosaic Sales Solutions US Operating Co. are a single enterprise or, in the alternative, joint employers under 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2.

8.      At all times relevant herein, Defendants acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV.    Facts

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.     Defendant Acosta Sales Co., Inc. acquired Defendant Mosaic Sales Solutions US Operating Co. in 2012.[1]

11.     Plaintiff has been employed by Defendants since June 2017 as a Merchandiser for Defendants' clients in and around Pittsburgh, Pennsylvania.

12.     Defendants employ other Merchandisers in Pennsylvania.

13.     Defendants' Merchandisers perform a variety of tasks related to the in-store displays in retail stores on behalf of Defendants' clients. Merchandiser duties include, but are not limited to, building or reconfiguring product displays, maintaining product displays, taking product inventory, and re-stocking displays.

14.     Defendants' Merchandisers receive daily work assignments, track work activities, and

report work progress through emails and a mobile app called "BookedOut,"[2] which Merchandisers

access on their personal cell phones because Defendants did not provide company phones.

_____

[1] *See* https://www.acosta.com/about#history (last visited Apr. 28, 2022).
[2] According to its website, "BookedOut is a powerful mobile-based logistics platform that securely connects agencies with their workforce, and manages those engagements through program completion." *See* https://bookedout.com/about (last visited Apr. 21, 2022).

15.     Defendants' Merchandisers plan their workday from home by reviewing work emails

and accessing BookedOut in the morning or the previous night to determine their work assignments

and field site locations, prepare necessary clothing and supplies, plan their route and schedule for the

day, and maintain their vehicles ("pre-shift work") before traveling to the first field site location to

complete specific tasks and assignments. This required pre-shift work were principal activities that

start the continuous workday of Merchandisers as part of their job responsibilities and so

Merchandisers knew the clients, field site locations, and start times assigned to them by Defendants.

However, Defendants did not pay Merchandisers for this pre-shift work.

16.     Merchandisers leave their homes and travel to their first field site location, often a

considerable distance away, in their personal vehicles. Defendants did not pay Merchandisers for this

time.

17.     Once a Merchandiser arrives at a field site location and determines that the appropriate

client representatives are on-site, the BookedOut app contains a time-tracking feature that starts when

Merchandisers click the "Start" button in the app and stops when the Merchandiser clicks the

"Complete" button in the app.

18.     Merchandisers may have multiple work assignments at varying field site locations in a

single day, requiring Merchandisers to travel between field site locations as part of their job duties.

The Merchandiser would learn of these multiple assignments by email or through BookedOut, which

was GPS-enabled and provided Merchandisers with driving directions from one field site location to

the next. BookedOut also included a real-time field reporting feature, allowing Defendants to view and analyze work as it is completed by Merchandisers in the field.[3] However, Defendants did not pay Merchandisers for this travel time.

---

[3] https://bookedout.com/agencies/ (last visited Apr. 21, 2022).

19.     After completing their primary job duties at a field site location and clock out, Merchandisers would performing additional, including cleaning up, organizing, communicating with client representatives and Defendants, and completing required reports ("post-shift work"). This required post-shift work were principal activities toward the end of the continuous workday of Merchandisers as part of their job responsibilities. However, Defendants did not pay Merchandisers for this post-shift work.

20.     After Merchandisers completed their field work for the day, they would travel from their last field site location to their homes, often at a considerable distance, in their personal vehicles. Defendants did not pay Merchandisers for this time.

21.     Merchandisers were required to use their personal vehicles to travel between their homes and field site locations and between field site locations as part of their work assignments. However, Defendants did not pay or reimburse Merchandisers for mileage, gas, or vehicle maintenance for this required, work-related travel ("travel expenses").

22.     Merchandisers had to purchase a variety of supplies to complete the work assigned to them by Defendants, including a smartphone, gloves, markers, and tape. However, Merchandisers paid for these work supplies with their own money and were never reimbursed for these expenses by Defendants ("supply expenses").

23.     Defendants classified Plaintiff and other Merchandisers as non-exempt employees.

24.     Defendants paid Plaintiff and other Merchandisers on an hourly basis.

25.     Plaintiff and other Merchandisers frequently were required to work but were not paid for that work ("off-the-clock work") in weeks in which they worked more than 40 hours and less than 40 hours.

26.     Defendants paid Plaintiff and other Merchandisers only for certain hours worked while physically present at a client location and did not pay Merchandisers for off-the-clock work, including:

    a.   performing pre-shift work from home, including preparing clothing and supplies, planning their route and schedule for the day, and maintaining their vehicles;

    b.   traveling from their home to a field site location;

    c.   time spent working at a field site location prior to being allowed to clock in;

    d.   traveling from one field location to another field location;

    e.   performing post-shift work after clocking out, including cleaning up, organizing, and completing required reports; and

    f.   traveling from a field site location to home, including any necessary vehicle maintenance.

27.     The amount of time Plaintiff and other Merchandisers spent on this off-the-clock work was approximately 10 hours per week.

28.     As a result of Defendants' practices and policies, Plaintiff and other Merchandisers were not compensated for all the time they worked, including off-the-clock work in weeks in which they worked more than 40 hours and less than 40 hours.

## V.      Class Action Allegations

29.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.     Plaintiff brings this action as a statewide class action pursuant to Rule 1700 et al. to recover unpaid wages, including overtime wages, pursuant to the Pennsylvania Minimum Wage Act ("PWMA") and to recover gap-time claims for unpaid wages for off-the-work that fell below 40 hours

in a week under the Pennsylvania Wage Payment and Collection Law ("WPCL").

    31.    Specifically, Plaintiff brings this suit on behalf of a class of persons composed of:

**All current and former hourly-paid Merchandisers employed by Acosta Sales Co., Inc. and/or Mosaic Sales Solutions US Operating Co. in, or based out of, Pennsylvania during the statutory period covered by this Complaint (the "Class").**

32.    Plaintiff alleges on behalf of members of the Class ("Class Members") that Defendants violated state law by: (i) failing to pay appropriate minimum wages for all hours worked; (ii) requiring workers to work off-the-clock and without pay; and (iii) failure to timely or properly pay wages.

33.    Upon information and belief, the Class Members are so numerous that joinder of all members is impracticable. The exact number of Class Members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.

34.    Common questions of law or fact exist as to the Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)  whether Defendants have failed to pay minimum wages for each hour worked;

(b)  whether Defendants have failed to pay overtime compensation for all hours worked over 40 per week;

(c)  whether Class Members are entitled to compensatory damages and if so, the means of measuring such damages;

(d)  whether Defendants have illegally failed to pay wages due within the employee's next payroll check or payroll period and if so, whether the employees are automatically entitled to liquidated damages;

(e)  whether Class Members are entitled to restitution; and

(f)  whether Defendants are liable for attorney's fees and costs.

35.    Plaintiff's claims are typical of the claims of the Class he seeks to represent. Plaintiff and Class Members work and/or have worked for Defendants and were subject to the same compensation policies and practices, including not being compensated for all hours worked. The specific job titles or precise job locations of Class Members do not prevent class treatment.

36.     Plaintiff will fairly and adequately protect the interests of the Class as his interests are in alignment with those of Class Members. Like each Merchandiser, Plaintiff has an interest in obtaining the unpaid overtime wages owed to him under state law. He has no interests adverse to the Class he seeks to represent and has retained competent and experienced counsel.

37.     The class action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual Class Members may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for Class Members to individually seek redress for the wrongs done to them by Defendants. Absent this action, many Class Members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the PMWA and WPCL. Furthermore, even if some Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

38.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

39.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual Class Members and provide for judicial consistency.

40.     Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making final injunctive relief, or corresponding declaratory relief with respect to the Class as a whole, appropriate.

41.     Plaintiff and the Class he seeks to represent have suffered and will continue to suffer irreparable damage from Defendants' illegal pay policy and practices.

### Count I
### Violations of the Pennsylvania Minimum Wage Act ("PWMA")
### (Failure to Pay Overtime and Minimum Wages)

42.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. At all relevant times, Defendants were subject to the requirements of the PMWA because Defendants are employers under 43 P.S. § 333.103(g).

44. During all relevant times, Plaintiff and Class Members (defined above) were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

45. Defendants' compensation scheme that is applicable to Plaintiff and Class Members failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code § 231.43(b).

46. The PMWA requires employers like Defendants to pay employees one and one-half (1.5) times the regular rate of pay for hours worked over 40 hours in any one week.

47. The PMWA also requires employers like Defendants to pay employees a minimum wage of $7.25 per hour.

48. Defendants have a policy and practice of not paying Plaintiff and Class Members for off-the-clock work, not reimbursing Plaintiff and Class Members for required travel expenses and supply expenses related to their employment, and failing to pay these workers for all hours worked over 40 hours or less than 40 per week.

49. Defendants have acted willfully and have engaged in a continuing violation of the PWMA.

50. Plaintiff and Class Members seek all unpaid wages, including overtime in an amount equal to 1.5 times the regular rate of pay for work performed over 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

51. Plaintiff and Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the Court.

### Count II
### Violations of the Wage Payment and Collection Law ("WPCL")
### (Failure to Timely or Properly Pay Wages)

52.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53.     At all relevant times, Defendants have employed and/or continue to employ Plaintiff and the Class Members within the meaning of the WPCL.

54.     Pursuant to the WPCL, 43 Pa. S. § 260.1 et seq., Plaintiff and the Class Members were entitled to receive all compensation earned, due, and owing to them on their regular payday.

55.     As a result of Defendants' unlawful practice, Plaintiff and the Class Members have been deprived of compensation earned, due, and owing.

56.     Plaintiff and the Class Members are entitled to recover from Defendants the amount of unpaid wages and an additional amount of 25 percent of the unpaid wages as liquidated damages.

## VI. Jury Demand

57.     Plaintiff demands a trial by jury.

## VII.    Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(a) Designation of the action as a Class Action under Rule 1700 et seq. on behalf of the Class, and prompt issuance of notice, pursuant to Rule 1712, apprising Class Members of the pendency of this action;

(b) Judgment awarding Plaintiff and the Class Members all unpaid wages and other damages available under the PMWA and WPCL, as well as liquidated damages available under the WPCL;

(c) For an Order awarding Plaintiff and the Class Members their reasonable attorneys' fees and expenses as provided by the PMWA and WPCL;

(d) For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest; and

(e)  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/Joshua P. Geist*

**Joshua P. Geist**
PA ID No. 85745
**William F. Goodrich**
PA ID No. 30235
**GOODRICH & GEIST PC**
3634 California Ave.
Pittsburgh, Pennsylvania 15212
412-766-1455 – Telephone
412-766-0300 – Facsimile
josh@goodrichandgeist.com
bill@goodrichandgeist.com

**Michael A. Josephson**
PA Bar 308410
**Andrew W. Dunlap\***
Texas Bar 241078444
**Travis A. Gasper\***
Texas Bar No. 24096881
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tgasper@mybackwages.com
*\*Pro Hac Vice* Application Forthcoming

**Richard J. (Rex) Burch\***
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
*\*Pro Hac Vice* Application Forthcoming

**ATTORNEYS FOR PLAINTIFF**
**& PUTATIVE CLASS MEMBERS**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

**LEROY FREDERICK, individually and on behalf of all class members**

        **Plaintiff,**

**vs.**

**ACOSTA SALES CO., INC.** and **MOSAIC SALES SOLUTIONS US OPERATING CO.,**

        **Defendants.**

**CIVIL ACTION-LAW**

**Case No. GD-22-005681**

**ELECTRONICALLY FILED**

**Pleading Type:**

**PRAECIPE TO REINSTATE COMPLAINT**

**Filed on behalf of Plaintiff, Leroy Frederick**

**Counsel of Record for this Party:**
**Joshua P. Geist, Esquire**
**PA I.D. #85745**

**Goodrich & Geist, P.C.**
**3634 California Avenue**
**Pittsburgh, PA 15212**
**Phone: (412) 766-1455**
**Facsimile: (412) 766-0300**
josh@goodrichandgeist.com

**AND**

**Michael A. Josephson, Esquire**
**Pennsylvania Bar No. 308410**
**Texas Bar No. 24014780**

**JOSEPHSON DUNLAP LLP**
**11 Greenway Plaza, Suite 3050**
**Houston, Texas 77046**
**713-352-1100 – Telephone**
**713-352-3300 – Facsimile**
mjosephson@mybackwages.com

**"JURY TRIAL DEMANDED"**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **LEROY FREDERICK, individually and on** behalf of all class members | § | **CIVIL ACTION-LAW** |
| | § | **Case No. GD-22-005681** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **ACOSTA SALES CO., INC.** and | § | |
| **MOSAIC SALES SOLUTIONS US** | § | |
| **OPERATING CO.,** | § | |
| | | **JURY TRIAL DEMANDED** |
| **Defendants.** | | |

## **PRAECIPE TO REINSTATE COMPLAINT**

TO: DEPARTMENT OF COURT RECORDS:

Kindly Reinstate the Complaint in the above-captioned matter in excess of the

jurisdictional arbitration limit.

Respectfully submitted,

By: */s/Joshua P. Geist*
  **Joshua P. Geist**
  PA ID No. 85745
  **William F. Goodrich**
  PA ID No. 30235
  **GOODRICH & GEIST PC**
  3634 California Ave.
  Pittsburgh, Pennsylvania 15212
  412-766-1455 – Telephone
  412-766-0300 – Facsimile
  josh@goodrichandgeist.com
  bill@goodrichandgeist.com

  **Michael A. Josephson**
  PA Bar 308410
  **Andrew W. Dunlap\***
  Texas Bar 241078444
  **Travis A. Gasper\***
  Texas Bar No. 24096881
  **JOSEPHSON DUNLAP**
  11 Greenway Plaza, Suite 3050
  Houston, Texas 77046
  713-352-1100 – Telephone

713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tgasper@mybackwages.com
*Pro Hac Vice* Application Forthcoming

**Richard J. (Rex) Burch\***
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
*Pro Hac Vice* Application Forthcoming

**ATTORNEYS FOR PLAINTIFF**
**& PUTATIVE CLASS MEMBERS**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

LEROY FREDERICK, individually and on
behalf of all class members

               Plaintiff,

vs.

ACOSTA SALES CO., INC. and
MOSAIC SALES SOLUTIONS US
OPERATING CO.,

               Defendants.

CIVIL ACTION-LAW

Case No. GD-22-005681

**ELECTRONICALLY FILED**

Pleading Type:

**AFFIDAVIT OF SERVICE**

Filed on behalf of Plaintiff,
Leroy Frederick

Counsel of Record for this Party:
Joshua P. Geist, Esquire
PA I.D. #85745

Goodrich & Geist, P.C.
3634 California Avenue
Pittsburgh, PA 15212
Phone: (412) 766-1455
Facsimile: (412) 766-0300
josh@goodrichandgeist.com

AND

Michael A. Josephson, Esquire
Pennsylvania Bar No. 308410
Texas Bar No. 24014780

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com

**"JURY TRIAL DEMANDED"**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| LEROY FREDERICK, individually and on behalf of all class members | § § § | CIVIL ACTION-LAW Case No. GD-22-005681 |
| Plaintiff, | § § § | |
| vs. | § § § | |
| ACOSTA SALES CO., INC. and MOSAIC SALES SOLUTIONS US OPERATING CO., | § § § | |
| Defendants. | | JURY TRIAL DEMANDED |

---

## <u>AFFIDAVIT OF SERVICE</u>

I, Joshua P. Geist, Esquire, hereby certify that a true and correct copy of the Complaint filed in the above captioned matter was served upon the Defendant, Mosaic Sales Solutions US Operating Company. at 6051 N State Highway 161, Suite 100, Irving, TX 75038, on August 19, 2022, as is evidenced by the United State Postal Service Return Receipt (Certified No. 7020 1810 0001 5368 2770) attached hereto.

Respectfully Submitted,


*/s/Joshua P. Geist*_____
Joshua P. Geist, Esquire
Attorney for Plaintiff



USPS TRACKING #

9590 9402 7186 1284 1312 95

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Goodrich & Geist, P.C.
3634 California Ave
Pittsburgh, PA 15212

Fdrick



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mosaic Sales Solutions US Operating Company
6051 N State Highway 161, Suite 100
Irving, TX 75038

9590 9402 7186 1284 1312 95

2. Article Number (Transfer from service label)

7020 1810 0001 5368 2770

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent  ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
8-19-22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery (00)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053      Domestic Return Receipt

**PLAINTIFF'S EXHIBIT**

**1**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

LEROY FREDERICK, individually and on
behalf of all class members

        Plaintiff,

vs.

ACOSTA SALES CO., INC. and
MOSAIC SALES SOLUTIONS US
OPERATING CO.,

        Defendants.

CIVIL ACTION-LAW

Case No. GD-22-005681

**ELECTRONICALLY FILED**

Pleading Type:

**AFFIDAVIT OF SERVICE**

Filed on behalf of Plaintiff,
Leroy Frederick

Counsel of Record for this Party:
Joshua P. Geist, Esquire
PA I.D. #85745

Goodrich & Geist, P.C.
3634 California Avenue
Pittsburgh, PA 15212
Phone: (412) 766-1455
Facsimile: (412) 766-0300
josh@goodrichandgeist.com

AND

Michael A. Josephson, Esquire
Pennsylvania Bar No. 308410
Texas Bar No. 24014780

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com

**"JURY TRIAL DEMANDED"**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| LEROY FREDERICK, individually and on behalf of all class members | § CIVIL ACTION-LAW<br>§ Case No. GD-22-005681<br>§ |
|         Plaintiff, | §<br>§<br>§ |
| vs. | §<br>§ |
| ACOSTA SALES CO., INC. and<br>MOSAIC SALES SOLUTIONS US<br>OPERATING CO., | §<br>§<br>§<br>§    JURY TRIAL DEMANDED |
|         Defendants. | |

## **AFFIDAVIT OF SERVICE**

I, Joshua P. Geist, Esquire, hereby certify that a true and correct copy of the Complaint filed in the above captioned matter was served upon the Defendant, Acosta Sales Co. Inc. at 6600 Corporate Center Parkway, Jacksonville, FL 32216, on August 22, 2022, as is evidenced by the United State Postal Service Return Receipt (Certified No. 7020 1810 0001 5386 2763) attached hereto.

Respectfully Submitted,

_/s/Joshua P. Geist_____
Joshua P. Geist, Esquire
Attorney for Plaintiff



USPS TRACKING #

9590 9402 7186 1284 1312 88

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Goodrich & Geist, P.C.
3634 California Ave
Pittsburgh, PA 15212



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Acosta Sales Co. Inc.
6600 Corporate Center Parkway
Jacksonville, FL 32216

9590 9402 7186 1284 1312 88

2. Article Number (Transfer from service label)

7020 1810 0001 5368 2763

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X M Conn
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

M CONNOR    5-22-22

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

**PLAINTIFF'S EXHIBIT**

**1**